IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA A.,[1]                                                    Case No. 6:19-cv-01206-SB

　　　　　　　　　　Plaintiff,                            **OPINION AND ORDER**

　　　　v.

ANDREW M. SAUL, Commissioner of
Social Security,

　　　　　　　　　　Defendant.

_____

**BECKERMAN, U.S. Magistrate Judge.**

　　　　Barbara A. ("Plaintiff") brings this appeal challenging the Commissioner of the Social

Security Administration's ("Commissioner") denial of her applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

Social Security Act. The Court has jurisdiction to hear Plaintiff's appeal pursuant to 42 U.S.C. §

405(g). For the reasons explained below, the Court reverses the Commissioner's decision and

remands for further proceedings consistent with this opinion.

_____

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last
name of the non-governmental party in this case. Where applicable, this opinion uses the same
designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or based on legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.    PLAINTIFF'S APPLICATIONS**

Plaintiff was born in February 1963, making her fifty years old on January 1, 2014, the alleged disability onset date. (Tr. 64, 223.) Plaintiff received her GED and has past work experience as a baker, retail clerk, cashier, housekeeper, hotel manager, photographer, program manager, and sales representative. (Tr. 240.) In her applications, Plaintiff alleges disability due to fibromyalgia, degenerative disc disease, hip and leg pain, asthma, visual impairments in both eyes, depression, anxiety, and PTSD. (Tr. 227.)

The Commissioner denied Plaintiff's applications initially and upon reconsideration, and on September 26, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 141.) Plaintiff and a vocational expert ("VE") appeared and testified at an administrative hearing held on April 25, 2018. (Tr. 32-62.) On July 25, 2018, the ALJ issued a written decision denying Plaintiff's applications. (Tr. 15-24.) On May 30, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 3-8.) Plaintiff now seeks judicial review of the ALJ's decision. (Compl. at 1.)

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show the claimant can perform other

work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954.

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 17-24.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2014, the alleged disability onset date. (Tr. 17.) At step two, the ALJ determined that Plaintiff suffered from the following severe, medically determinable impairments: "lumbar degenerative disc disease; fibromyalgia; asthma; monocular vision; depressive disorder; and anxiety order[.]" (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 18.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work," subject to the following limitations: (1) Plaintiff can "lift and carry up to 20 pounds occasionally and up to 10 pounds frequently," (2) Plaintiff can "sit for 6 hours in an 8-hour day, and stand or walk in combination for no more than 6 hours in an 8-hour day," (3) Plaintiff can "climb ramps and stairs occasionally" and "occasionally stoop, kneel, crouch, or crawl," (4) Plaintiff "should avoid ladders, ropes, or scaffolding," (5) Plaintiff is "limited to reading ordinary newspaper or book print," (6) Plaintiff can "never work at unprotected heights, and around moving mechanical parts," (7) Plaintiff can "never operate a motor vehicle for commercial purposes," (8) Plaintiff must "avoid dust, odors, fumes, pulmonary irritants, extreme cold, and extreme heat," (9) Plaintiff is "limited to the performance of simple, routine tasks, and simple work-related decisions," and (10) Plaintiff can "respond[] appropriately to supervisors, coworkers, and the general public" occasionally. (Tr. 20.) At step four, the ALJ concluded that

PAGE 4 – OPINION AND ORDER

Plaintiff was not disabled because she retained the RFC to perform her past relevant work as a garment sorter. (Tr. 22.) In addition, the ALJ made an alternative step five finding that other work existed in significant numbers in the national economy that Plaintiff could perform, including work as a (1) marking clerk, (2) routing clerk, and (3) electronics worker. (Tr. 24.)

## DISCUSSION

The only issue presented on appeal is whether the ALJ erred by improperly classifying Plaintiff's past relevant work at step four. Specifically, Plaintiff argues that the ALJ erred in dividing her past work at Goodwill Industries ("Goodwill") into two separate occupations, cashier and garment sorter, because Plaintiff's past work at Goodwill was a composite job. (Pl.'s Opening Br. at 4.) As explained below, the Commissioner's decision is based on harmful legal error and not supported by substantial evidence. The Court therefore reverses the Commissioner's decision and remands for further proceedings.

## I.    APPLICABLE LAW

At step four of the sequential evaluation process, the ALJ must determine whether the claimant's RFC allows her to return to her past relevant work. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1520(a)(4)(iv). "[A] claimant has the burden to prove that he cannot perform his past relevant work 'either as actually performed or as generally performed in the national economy.'" *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). If the claimant is able to perform past relevant work as actually or generally performed, the claimant is not disabled. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

"When a job is a 'composite'—that is, it has significant elements of two or more occupations and therefore has no counterpart in the [Dictionary of Occupational Titles]—the ALJ considers only whether the claimant can perform the work as actually performed." *Bade v.*

*Colvin*, 3:15-cv-00839-MO, 2016 WL 3033685, at *4 (D. Or. May 24, 2016) (citation omitted).

Composite jobs are evaluated "according to the particular facts of each individual case." SSR 82-61, 1982 WL 31387, at *2. "Where an individual cannot perform any of his earlier jobs, but only one or more tasks associated with those jobs, he cannot return to his past work." *Tsosie v. Berryhilll*, 717 F. App'x 680, 683 (9th Cir. 2017) (quotation marks and citation omitted).

An ALJ may not classify a composite job according to its "least demanding function" in order to conclude that a claimant can perform her past relevant work. *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985) (holding that the ALJ erred when he classified the claimant's past work as a "tomato sorter," which involved only light exertion, because the claimant was actually an agricultural worker who mostly performed medium exertion work); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (holding that the ALJ erred when it categorized the claimant's work as "a purely supervisory position" when only twenty percent of his duties involved supervising employees and the remainder involved significant manual labor); *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001) (concluding that the ALJ erred when he classified the claimant's past work as a cashier when she actually worked as a pharmacy clerk, and cashier was only "a small part of her job"). In other words, an ALJ may not classify a past occupation "based on [a task] the claimant did less than half the time, and . . . [then] equat[e] that one task with a full time [past] job." *Stacy*, 825 F.3d at 569.

## II.    ANALYSIS

The only issue raised on appeal is the ALJ's step four finding regarding Plaintiff's past relevant work. A summary of the relevant testimony provides context for the parties' arguments.

### A.    Plaintiff's Testimony

Plaintiff completed a work history report on March 18, 2016, wherein she noted she worked at Goodwill as a retail clerk and cashier from 2012 to 2013. (Tr. 240.) Plaintiff listed her

duties, which included: "cleaning, stocking, checking, cashiering, tagging, hanging clothing,

[and] shelving items." (Tr. 243.) At the hearing, the ALJ asked Plaintiff to elaborate on these

duties, which she described as follows:

> Q:  Ma'am, you were working for Goodwill for a while. What did you do for them?
>
> A:  Yes. I was a sales associate and before I left, I switched over to in the back where you take the items, clean them up, and put prices on them.
>
> Q:  Okay.
>
> A:  And then you know, there's a bunch of us at a table or you know, like this sitting or standing along the line and just taking it, checking it out, somebody would do this, somebody would do that, somebody would price it and – but – so I did that for a while after because it was hard for me to register to be on my feet constantly.
>
> Q:  Okay, how long did you do that particular part of the job?
>
> A:  It was a year.
>
> Q:  Okay. So that actually . . . was most of the work that you did there was that part of the job then, because you – how long were you off the register?
>
> A:  Half the time, and then the other half I was doing the other I guess.
>
> Q:  Okay, how long were you at Goodwill? Was it, it looks about a year-and-a-half?
>
> A:  Yeah, I guess so.

(Tr. 51.) Following this exchange, the ALJ asked the VE to summarize Plaintiff's past work.

(Tr. 53.) The VE testified that Plaintiff's two jobs at Goodwill were cashier and garment sorter,

which are both classified by the Dictionary of Occupational Titles ("DOT") as light work. The

cashier occupation requires a worker to be capable of a reasoning level three, whereas the

occupation of garment sorter is classified as a reasoning level two.[2] (Tr. 54.) The VE did not identify Plaintiff's past relevant work at Goodwill as a composite job.

The ALJ presented the VE with a hypothetical concerning a person with an RFC identical to Plaintiff's and asked whether such a person could perform Plaintiff's past work. (*Id.*) The VE testified that Plaintiff would only be able to perform past relevant work with a reasoning level of two or less and that the only past relevant work available at Plaintiff's RFC was garment sorter. (Tr. 55.) The VE testified that Plaintiff could do this job as "generally performed," but not as "actually performed." (Tr. 57.) In the ALJ's written decision, the ALJ adopted the testimony of the VE and determined that Plaintiff was not disabled because she could perform her past relevant work as garment sorter as generally performed in the national economy. (Tr. 23.)

### B.    The Parties' Arguments

Plaintiff asserts that she held a single job at Goodwill and that her role as a garment sorter was only one aspect of a composite job. (Pl.'s Opening Br. at 4-5; Reply at 1.) Plaintiff argues that the ALJ erred by finding that she could perform past relevant work as a garment sorter as generally performed because the relevant rules do not allow for such a finding where a claimant's past relevant work is a composite job. (Pl.'s Opening Br. at 4) (citing Programs Operation Manual System ("POMS") DI-25005.020 ("When comparing the claimant's RFC to a composite job as it was performed, find the claimant capable of performing the composite job

---

[2] An occupation classified as reasoning level three requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations. DOT 211.463-014, 1991 WL 67184 (Jan. 1, 2016). An occupation classified at reasoning level two requires the ability to "[a]pply commonsense understanding to carry out detailed but involved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT 222.687-014, 1991 WL 672131 (Jan. 1, 2016).

only if he or she can perform all parts of the job. A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'")).

The Commissioner acknowledges that Plaintiff's testimony is ambiguous but argues that the ALJ reasonably interpreted Plaintiff's testimony to mean that she worked the first half of her time at Goodwill as a cashier and the second half as a garment sorter. (*See* Def.'s Br. at 4-5, "While [Plaintiff's] testimony could perhaps support the conclusion that she performed a composite job, it equally supports a finding that she performed two different jobs, each for about half the period she worked at Goodwill."). Plaintiff counters that although she testified that she was performing various duties "half the time," the ALJ made no attempt to verify whether those duties were performed subsequently or concurrently and therefore the issue regarding whether Plaintiff's job was a composite job or two separate jobs was never resolved. (Pl.'s Reply Br. at 2.) The Court agrees.

### C.    Application

The ALJ is responsible for resolving any ambiguities in the claimant's testimony. *See, e.g.*, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1090 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record"). In particular, "[a]n ALJ has a duty to develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Patrick R. v. Comm'r, Soc. Sec. Admin.*, 3:19-cv-01526-BR, 2020 WL 6274998, at *1 (D. Or. Oct. 26, 2020) (quoting *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d at 844. In *Pinto*, the Ninth Circuit held that it was difficult for the court to review the ALJ's

determination that the claimant could perform past relevant work because the ALJ "made very few findings and relied largely on the conclusions of the vocational expert." *Id.* at 849. As a result, the court remanded for the ALJ to clarify certain aspects of his step four determination. *Id.* at 848.

Substantial evidence does not support the ALJ's determination that Plaintiff performed two separate jobs at Goodwill. At the hearing, Plaintiff testified that she worked as a sales associate until she "switched over" to working "in the back," where she cleaned and priced merchandise. (Tr. 51.) The ALJ asked Plaintiff how long she did "that particular job," to which Plaintiff responded, "it was a year." (*Id.*) The ALJ then inquired as to how long she was "off the register," and Plaintiff replied, "[h]alf the time, and then the other half I was doing the other I guess." (*Id.*) Plaintiff's testimony is ambiguous. As the Commissioner acknowledges, it is unclear whether "half the time" means that Plaintiff worked half a day as a cashier and the other half as a garment sorter, or if it means that she worked the first half of her time at Goodwill as a cashier, and the second half as a garment sorter. (*See* Def.'s Br. at 4, noting that the phrase "'[h]alf the time' is ambiguous"). Despite this ambiguity, the ALJ failed adequately to resolve the issue or clarify the record before accepting the VE's conclusion that Plaintiff performed two separate occupations. The ALJ did not make any findings either at the hearing or in the written decision as to how Plaintiff actually performed her past work at Goodwill. *See Hume v. Saul*, 776 F. App'x 507, 507-08 (9th Cir. 2019) ("B]y failing to make specific findings as to the actual demands of past work, the ALJ provide[s] no basis on which to review the agency decision." (citing *Pinto*, 249 F.3d at 847)). Accordingly, the Court finds that substantial evidence does not

support the ALJ's step four finding.[3] *See Kevin M. v. Comm'r of Soc. Sec.*, No. C19-993-MLP, 2020 WL 747850, at *4-5 (W.D. Wash. Feb. 14, 2020) (holding that the ALJ erred in finding that the claimant's past work was not a composite job when the claimant testified that he spent "half his time doing data entry and half his time driving to banks to collect on loans" and it was unclear from the record whether the VE concluded that the claimant performed a composite job); *Migala v. Berryhill*, No. 17-cv-00482-EDL, 2018 WL 1989550, at *6-7 (N.D. Cal. Mar. 14, 2018) (concluding that the ALJ erred by failing to recognize that the claimant's past relevant work was a composite job and make the required findings about the physical and mental demands of the claimant's past relevant work); *Melendez v. Colvin*, No. CV 14-719-PLA, 2014 WL 6630013, at *4 (C.D. Cal. Nov. 21, 2014) (holding that the ALJ erred by failing to clarify whether the claimant's previous job of "inspections-clothing manufacture" was a composite job where the claimant testified that as part of her job she "sometimes" sewed, "sometimes" inspected clothing, and "sometimes" put tags on the clothes); *cf. Kawelo v. Berryhill*, 732 F. App'x 584, 586 (9th Cir. 2018) (finding that substantial evidence supported the ALJ's determination that the claimant's past relevant work as a loan officer was a separate identifiable

---

[3] Plaintiff argues that the ALJ erred by failing to "determine in what way Plaintiff's daily loading and unloading of freight would fit into her position of garment sorter" but this part of Plaintiff's argument is not supported by the record. (Pl.'s Opening Br. at 5.) For example, Plaintiff's loading and unloading duties are listed in the section of her work report where she describes her job as a baker employed by C & K Market, and not in the section of her report where she describes her duties at Goodwill. (*Compare* Tr. 242, listing Plaintiff's duties at C & K Market as "daily loading and unloading freight, stock[ing] freezer, [and] carr[ying] freight 10 feet to load dolly," *with* Tr. 243, listing Plaintiff's duties at Goodwill as "cleaning, stocking, checking, cashiering, tagging, hanging clothing, [and] shelving items"). At the hearing, Plaintiff testified that she loaded a dolly as part of her job at C & K Market but did not testify that she loaded or unloaded freight as part of her job at Goodwill. (*See* Tr. 37, testifying that as an employee at C & K Market Plaintiff would "come in and gather up all of the donuts and the breads that I needed form the freezer, put them on a dolly and take them over to my station"). It appears that Plaintiff's argument is premised on an erroneous reading of the record.

occupation from her job as a customer service representative where the claimant testified that "there was a time where I [was] able to sit at my desk, take in loan applications, speak with the customers, and do what I needed to do for that loan"); *Bade*, 2016 WL 3033695, at *3 (affirming the ALJ's finding that the claimant's past relevant work was not a composite job because the ALJ's determination "was founded on clear and convincing testimony").

### D.    Harmful Error

Harmless error exists "when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins*, 466 F.3d at 885). The Commissioner argues that any error at step four was harmless in light of the ALJ's step five finding that Plaintiff can perform other jobs that exist in significant numbers in the national economy. (Def.'s Br. at 6.) Plaintiff argues that the ALJ's error was harmful because if the ALJ had considered Plaintiff's Goodwill job as a composite job, Plaintiff would have been found unable to perform her past relevant work based on the VE's testimony. (Pl.'s Opening Br. at 5.) Plaintiff contends that this is significant because, as of the date she turned fifty-five, she would "grid" under the medical vocational guidelines but for her past relevant work and thus would have been found disabled. (*Id.*) For the reasons that follow, the Court finds that the ALJ's error was not harmless.

An ALJ can meet his burden at step five of the sequential evaluation process in one of two ways: (1) relying on testimony from a vocational expert; or (2) referring to the Medical-Vocational Guidelines (the "Grids"). *Maxwell v. Saul*, 971 F.3d 1128, 1130 (9th Cir. 2020) (citing *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (quotation marks and citation omitted).

The Grids are "matrices of the 'four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific

combinations of these factors exist in significant numbers in the national economy.'" *Lockwood*, 616 F.3d at 1071 (quoting *Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983)). The Grids use three age categories: (1) "younger person (under age 50)," (2) "person closely approaching advanced age (age 50-54)," and (3) "person of advanced age (age 55 or older)." *Id.* (citation omitted). For purposes of applying the Grids, the age of a disability claimant "should be considered at the time of the ALJ's decision." *Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017).

Plaintiff turned fifty-five years old on February 13, 2018, making her a person of advanced age on the date of the administrative hearing (April 25, 2018) and on the date the ALJ issued his decision (July 25, 2018). (Tr. 23, 32, 199); *see also* 20 C.F.R. § 404.1563(e). Under the Grids, a claimant of advanced age, who is limited to light work and has at least a high school education and no transferable work skills, is disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, 202.06. An identical claimant with transferable work skills, however, is not disabled. *Id.* at 202.07. As noted, Plaintiff has a high school education, and the ALJ concluded that she could only perform a reduced range of light work. (Tr. 23.) Therefore, if Plaintiff is unable to perform her past relevant work, whether she is entitled to disability benefits depends on whether she possesses any transferable skills. (*See* Def.'s Br. at 6 (acknowledging the advanced age Grid rules and noting "[w]hether or not [Plaintiff] would be disabled under the grids once she turned 55 would depend on whether she has transferrable skills and/or whether she had an education that provided for entry into skilled work). This is significant because, although the ALJ identified other work the Plaintiff could perform at step five, the ALJ did not address transferable skills. (*See* Tr. 23, considering whether Plaintiff was disabled under Rule 201.14 of the Grids (closely approaching advanced age), and noting that under this Rule, "[t]ransferability of job skills is not

material to the determination of disability"; *see also* Def.'s Br. at 6, acknowledging that "[t]he vocational expert did not address transferable skills" at the hearing).

The Social Security Administration has provided the following guidance on the issue of transferable skills:

> When the issue of skills and their transferability must be decided, the adjudicator or ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation.
>
> When a finding is made that a claimant has transferable skills, the acquired skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision. . . . It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination[.]

SSR 82-41, 1982 WL 31389, at *7. Similarly, the Ninth Circuit has held that when a finding of transferability is dispositive to the claimant's disability determination, an ALJ commits reversible error when he fails to make specific findings as to whether the claimant has transferable skills. *See, e.g.*, *Bray*, 554 F.3d at 1225 (holding that the ALJ committed reversible error when the ALJ assumed that the claimant, who was over fifty-five years old, had "previous skilled work experience" but made no specific findings to support that assumption); *see also*

*Susan M. v. Berryhill*, No. 6:17-cv-1083-PK, 2018 WL 4692468, at *5 (D. Or. Aug. 24, 2018) ("Regardless of whether the ALJ's disability determination relies upon the grid or the testimony of a VE, the ALJ must make specific findings on the transferability of work skills when they are relevant to the ultimate determination.").

Here, the ALJ identified three occupations that Plaintiff would be able to perform based on the VE's testimony, but the ALJ did not identify Plaintiff's transferable skills or include them in the written decision. Instead, the ALJ found that, in Plaintiff's case, the "[t]ransferability of job skills is not material to the determination of disability" under the Grid rule the ALJ applied. While it is true that transferable skills are immaterial under Grid rule 202.14, this Grid rule does

not account for Plaintiff's age at the time of the ALJ's decision, as explained above. Thus, if Plaintiff is unable to perform her past relevant work because her job at Goodwill was indeed a composite job, the issue of transferability of skills is dispositive to the issue of whether Plaintiff is disabled. Accordingly, the Court finds that the ALJ's error at step four was not harmless. *Compare Bray*, 554 F.3d at 1229 ("The ALJ's departure from established SSA procedure thwarts this court's ability to determine whether or not Bray possesses transferable skills—a dispositive issue for her claim."), *with Lavonne S. v. Saul*, No. 2:18-cv-01897-AA, 2020 WL 2576182, at *6 (D. Or. May 21, 2020) (holding that the ALJ's misclassification of the claimant's age as an individual closely approaching advanced age rather than an individual of advanced age at step five was harmless error when two vocational experts testified that the claimant's job skills "are directly transferable" and that the "skills would come straight across without any accommodation").

## III.    REMEDY

### A.    Applicable Law

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1021 (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as

PAGE 15 – OPINION AND ORDER

true, the ALJ would be required to find the claimant disabled on remand." *Id.* at 1020 (citations omitted). Even when the credit-as-true standard is met, the court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

### B. Analysis

Plaintiff is unable to satisfy the credit-as-true standard here because the record contains conflicts and ambiguities that the ALJ must resolve. *See Treichler*, 775 F.3d at 1101 (stating that further proceedings are useful when "there is a need to resolve conflicts and ambiguities").

On remand, the ALJ will reconsider step four. Plaintiff asserts that she did not perform past relevant work as a garment sorter because her job at the Goodwill was a composite job. The record is ambiguous as to whether Plaintiff performed her job duties concurrently or sequentially. The ALJ did not resolve this ambiguity or explain the basis for his conclusion that the garment sorter position and cashier position were two separate occupations. The ALJ should make specific findings as to how Plaintiff actually performed her past work and resolve whether Plaintiff's past relevant work at Goodwill was a composite job. *See Rawlings v. Astrue*, 318 F. App'x 593, 595 (9th Cir. 2009) (remanding for further evidence on the duties of the claimant's past work where testimony at the hearing was ambiguous and therefore insufficient to support the ALJ's step four conclusion regarding the claimant's past relevant work).

In addition, if the ALJ concludes that Plaintiff cannot perform her past relevant work at step four, the ALJ will address the impact of Plaintiff's advanced age. Specifically, the ALJ will consider and make specific findings as to whether Plaintiff has transferable skills. *See Bray*, 554 F.3d at 1226 (remanding "so that the ALJ can further develop the record and make specific findings on whether Bray has transferable skills"); *Scholtz v. Astrue*, No. C 07-1054 VRW, 2008 WL 2441370, at *7 (N.D. Cal. June 13, 2008) (remanding for further proceedings where the ALJ

PAGE 16 – OPINION AND ORDER

erroneously categorized the claimant as "closely approaching advanced age" when the plaintiff turned fifty-five three weeks before the ALJ's decision). The Court concludes that further administrative proceedings would serve a useful purpose, and therefore exercises its discretion to remand this case for further proceedings.

## CONCLUSION

For the reasons stated, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 20th day of November, 2020.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge